O

# United States District Court
# Central District of California

| | |
|---|---|
| MICHAEL R. WILLIAMS, d/b/a RVMAX,<br><br>        Plaintiff,<br><br>   v.<br><br>GREEN VALLEY RV, INC. d/b/a RV MAX; PAUL SCHILPEROORT; and DOES 1–10,<br><br>        Defendants. | Case No. 8:15-CV-01010-ODW-MRW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [19]** |

## I.   INTRODUCTION

Pending before the Court is a Motion for Preliminary Injunction filed by Plaintiff Michael R. Williams, d/b/a RVMAX. (ECF No. 19.) Plaintiff seeks to preliminarily enjoin Defendants Green Valley RV, Inc., d/b/a RV MAX, and Paul Schilperoort (collectively "Defendants") from conducting business under the trade name "RV MAX." Because Plaintiff cannot prove the likelihood of irreparable harm, the Court **DENIES** Plaintiff's Motion.

## II.   BACKGROUND

Plaintiff owns and operates a dealership in Loomis, California that sells used recreational vehicles ("RVs") under the trade name "RVMAX." (Compl. ¶ 7.) In

1  2008, Plaintiff registered the service mark "RVMAX" with the U.S. Patent and
2  Trademark Office for use in "dealerships in the field of recreational vehicles." (*Id.*)
3  Plaintiff allegedly uses the service mark in commerce throughout the California in
4  connection with the sale, marketing, advertising, and promotion of his dealership and
5  related services. (*Id.* ¶ 11.) As a result of Plaintiff's expenditures and efforts to
6  promote the service mark, the service mark allegedly represents Plaintiff's reputation
7  and goodwill, and signifies a high quality of service. (*Id.* ¶ 15.)

8  Defendants operate an RV dealership in Colton, California that sells new RVs
9  under the trade name "RV MAX." (*Id.* ¶ 2.) As a result of Defendants' similar name,
10 Plaintiff has allegedly lost profits and suffered irreparable harm to his goodwill and
11 reputation. (*Id.* ¶ 16.)

12 On April 10, 2015, Plaintiff filed the Complaint which raises the following
13 causes of action: (1) service mark infringement under both the Lanham Act, 15
14 U.S.C. § 1114(a), and California law, Cal. Bus. & Prof. Code § 14245; (2) unfair
15 competition and false advertising under both the Lanham Act, 15 U.S.C. § 1125(a),
16 and California law, Cal. Bus. & Prof. Code §17500; and (3) cyber-piracy under the
17 Lanham Act, 15 U.S.C. § 1125(d). (*See* Compl. ¶¶ 17–34.) On June 29, 2015,
18 Defendants filed an Answer. (ECF No. 15.)

19 On July 1, 2015, Plaintiff filed the pending Motion for Preliminary Injunction.
20 (ECF No. 19.) The Motion seeks to immediately enjoin Defendants from using the
21 name "RV MAX" during the pendency of this litigation. Plaintiff alleges that he
22 receives seven phone calls a week from customers, as well as calls from vendors and
23 debtors, seeking to reach Defendants' dealership. (Williams Decl. ¶¶ 7–11.)
24 Defendants filed an Opposition on July 13, 2015 (ECF No. 20), and Plaintiff failed to
25 file a timely Reply.[1] The Court heard arguments on August 3, 2015.

---

[1] Plaintiff's Reply was filed seven days late and thus will not be considered by the Court. *See* L.R. 7-10. The Court rejects Defendants' request for sanctions. (ECF No. 27.) The Court did not need Defendants' assistance in identifying dates on a calendar and it is their own fault for spending their clients' money on such a request.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs the issuance of preliminary injunctions. An injunction is an exercise of a court's equitable authority which should not be invoked as a matter of course, but "only after taking into account all of the circumstances that bear on the need for prospective relief." *Salazar v. Buono*, 559 U.S. 700, 714 (2010). To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of the equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Under the Ninth Circuit's "sliding scale" approach, the first and third elements are to be balanced such that "serious questions" going to the merits and a balance of hardships that "tip sharply" in favor of the movant are sufficient for relief so long as the other two elements are also met. *All/ for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. The moving party bears the burden of meeting all four *Winter* prongs. *DISH Network v. FCC*, 653 F.3d 771, 776–77 (9th Cir. 2011).

### IV. DISCUSSION

Plaintiff argues that he is entitled to preliminary injunctive relief based on his first cause of action for service mark infringement under the Lanham Act, 15 U.S.C. § 1114(a). (Mot. 3–4.) After considering only the second *Winter* prong, the Court determines that Plaintiff failed to carry his burden in demonstrating a preliminary injunction is warranted; Plaintiff cannot prove the likelihood of irreparable harm.

**A. Second *Winter* Prong: Plaintiff's Likelihood of Irreparable Harm**

A party seeking a preliminary injunction must produce evidence that "irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22. The Ninth Circuit recently expounded on this requirement. In *Herb Reed*, the court

recognized that "[e]vidence of loss of control over business reputation and damage to goodwill could constitute irreparable harm." *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 735 F.3d 1239, 1250 (9th Cir. 2013). However, the court explained that evidence that "simply underscores customer confusion" is not enough to prove irreparable harm. *Id.* "Gone are the days when 'once the plaintiff in an infringement action has established a likelihood of confusion, it is originally presumed that the plaintiff will suffer irreparable harm if injunctive relief does not issue.'" *Id.* (quoting *Rodeo Collection, Ltd. v. W. Seventh*, 812 F.2d 1215, 1220 (9th Cir. 1987)). This old approach "collapses the likelihood of success and the irreparable harm factors." *Id.* at 1251. The *Herb Reed* court concluded that actual evidence of likely irreparable harm is required, in addition to proof that "legal remedies, such as money damages, are inadequate." *Id.* A moving party cannot merely produce evidence of "unsupported and conclusory statements regarding harm [plaintiff] *might* suffer." *Id.* at 1250.

Here, Plaintiff presents evidence of customer confusion, such as calls from customers, vendors, and debtors seeking to reach Defendants' dealerships. (Williams Decl. ¶¶ 7–11.) Plaintiff argues, in one sentence, that this evidence demonstrates irreparable harm because "[a]ny consumer who has less than positive experience with the Defendants could unfairly attribute that experience to Plaintiff, which makes it extremely difficult for Plaintiff to maintain and restore its goodwill among customers." (Mot. 11.) Plaintiff's evidence of irreparable harm is nothing more than a regurgitation of consumer confusion evidence, which is the *exact* type of evidence explicitly rejected by the Ninth Circuit in *Herb Reed*. Irreparable harm is no longer presumed or proven by a mere showing of consumer confusion. Allowing Plaintiff's evidence of customer confusion as proof of irreparable harm would "collapse[] the likelihood of success and the irreparable harm factors." *Herb Reed*, 735 F.3d at 1251. Plaintiff presents no evidence of actual or likely irreparable harm. Additionally, Plaintiff's claim of irreparable harm is pure speculation. Plaintiff's

/ / /

claim that he "could" suffer harm is nothing more than an "unsupported and conclusory statements regarding harm [Plaintiff] *might* suffer." *Id.* at 1250.

In a recent trademark infringement case in the Northern District of California, the plaintiff claimed that it would suffer irreparable harm if an injunction did not issue because the defendant's actions "caused [the plaintiff] to lose control over [its] goodwill and reputation." *Wells Fargo and Co. v. ABD Ins. and Fin. Servs., Inc.*, No. C 12-3856, 2014 WL 4312021, *9 (N.D. Cal. Aug. 28, 2014). The district court, relying on *Herb Reed*, held that this evidence of irreparable harm was "the same type of 'unsupported and conclusory statements regarding harm [plaintiff] *might* suffer' that w[as] rejected in *Herb Reed*." *Id.*

The rejected evidence in *Herb Reed* and *ABD Insurance* is identical to the evidence presented by Plaintiff here. Plaintiff relies on only consumer confusion evidence and wants the Court to believe that he *might* suffer damage to his reputation or goodwill. While Plaintiff's only evidence is highly relevant to the first *Winter* prong, it is wholly insufficient for the second *Winter* prong. Evidence of customer confusion without proof of likely irreparable harm is not enough. Plaintiff failed to carry the burden of presenting evidence of likely irreparable harm.

The Court recognizes that the inquiry on the first *Winter* prong is quite simple. The Court must determine whether there is a substantial likelihood of confusion between the names "RVMAX" and "RV MAX." However, the Court cannot reach this merits inquiry. Plaintiff failed to carry his burden of proving a required *Winter* prong, and thus it is unnecessary to address any of the remaining three *Winter* prongs. *See DISH Network*, 653 F.3d at 776–77.

/ / /
/ / /
/ / /
/ / /
/ / /

## V. CONCLUSION

For the reasons discussed above, the Court hereby **DENIES** Plaintiff's Motion for Preliminary Injunction**.** (ECF No. 19.)

**IT IS SO ORDERED.**

August 6, 2015

_____
               **OTIS D. WRIGHT, II**
            **UNITED STATES DISTRICT JUDGE**